JAMES I. CRUTCHER, APPELLLANT, *v.* DANIEL CRAM, TERRITORIAL CONTROLLER, RESPONDENT.

CLAIMS AGAINST THE TERRITORY—LIMITATION.—Claims against the territory must be presented to the controller, with the evidence in support thereof, within two years after the same have accrued.

EVIDENCE IN SUPPORT OF CLAIMS.—The certificate of the prison commissioner to a claim against the territory, that the account is correct, and is due from the territory, is merely the evidence in support of such claim.

CONTROLLER.—It is the duty of the controller to carefully examine all claims against the territory presented to him for allowance, and if he is not satisfied that such claim is correct, or if it be not presented within two years from the time it accrued, he may reject it, notwithstanding the certificate of the prison commissioner stating that it is correct.

APPEAL from the second judicial district, Ada county.

*McBride & Henley*, for the appellant.

*J. W. Huston*, for the respondent.

Opinion by LEWIS, J.    NOGGLE, C. J., and WHITSON, J., concurred.

The facts in this case, as shown by the record, are as follows: In March, 1868, the plaintiff was territorial prison-keeper, and, as such, had charge of the territorial prison, with the convicts therein confined. ·That several of said prisoners in his charge and custody escaped, and that in the pursuit and capture of three of them he expended the sum of one thousand dollars in the month of March, 1868. That on the twenty-second day of November, 1870, two years and eight months after said money had been expended, the plaintiff presented to the territorial treasurer, as *ex officio* prison commissioner, for allowance, his account, in the words and figures following, to wit:

"Idaho territory, to James I. Crutcher, territorial prison-

keeper, Dr., to money expended in pursuing and arresting Hiram Kortz, Dunn, Bailey, escaped territorial convicts, during the month of March, 1868. One thousand dollars—$1,000."

This account is sworn to, and on the twenty-second day of November, 1870, the territorial prison commissioner made thereon the following indorsement, to wit:

" D. CRAM, Territorial Controller:

"Sir—I have examined the above account, and believe the same to be true and correct, and the territory is justly indebted to James I. Crutcher in the amount of one thousand dollars, for which you will issue your warrant upon the prison fund.          E. C. STERLING,

" Prison Commissioner."

The controller refused to issue the warrant, and the question submitted to the court below was, whether a writ of mandamus be ordered to compel him to issue the warrant. It is insisted by the plaintiff that the controller is by law required to issue the warrant upon the certificate; that he is concluded and estopped by the certificate of the prison commissioner, and can not go behind it to ascertain whether the account be such as the law requires shall be paid, or whether it has been presented in time under the provisions of the statute.

It is provided by section 7, page 192, Laws of the Third Session, that all persons having claims against the territory shall exhibit the same, with the evidence in support thereof, to the controller, to be audited, settled, and allowed, within two years after such claims shall accrue, and not afterward. And by the provisions of section 9, page 162, Third Session Laws, it is made the duty of the territorial prison commissioner to examine and certify all accounts of the territorial prison-keeper to the controller, when satisfied they are legal. The law requires that the accounts be certified to the controller. Why provide for sending to the controller the accounts certified, if the controller is to have no discretion? Had the legislature intended to make the action of the commissioner conclusive, they would have pro-

vided for the allowance of the accounts by the commissioner, and not have required the account to be certified up.

The laws above referred to were both passed at the third session, and are to be construed together, and a fair construction seems to be this:

That the certificate of the commissioner upon the account, is the evidence of the plaintiff in support of his claim. That this claim should have been presented to the controller, with such certificate, within two years after the claim accrued; that as it appeared on the face of the account that more than two years had elapsed after the claim had accrued, the controller was by law prohibited from allowing the claim. That in all cases it is the province and duty of the controller to allow no claims unless he is satisfied that they are correct, and presented within the time provided by law; and that notwithstanding the commissioner's certificate thereon, he may allow or reject the claim, as the law and facts may require.

The judgment of the district court is therefore affirmed.